**Fill in this information to identify the case:**

Debtor name  Mirnes Muminovic
             Mirsada Muminovic

United States Bankruptcy Court for the: WESTERN DISTRICT OF KENTUCKY

Case number (if known) 1:23-bk-10858

☐ Check if this is an amended filing

Official Form 425A

# First Amended Plan of Reorganization for Small Business Under Chapter 11
02/20

Mirnes and Mirsada Muminovic's **Plan of Reorganization, Dated** March 4, 2024

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V  SEE DISCLOSURE STATEMENT FOR MORE DETAILED INFORMATION**

  A. **Description and History of the Debtor's Business**

  The Debtors are individuals that own and operate Wipe-Out Logistics, LLC which is currently in a Chapter 11 proceeding in the WDKY being case number 23-10736. Debtors' sole source of income is from this business which is a trucking company. Debtors also own a real estate company Wipe-Out real estate which owns the land that Wipe-out Logistics operates from. Wipe-Out Logistics pays rent to Wipe-Out Real Estate which then pays the mortgage payment on the Wipe-Out Real estate loan. .

  B. **Liquidation Analysis**

  To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

  C. **Ability to make future plan payments and operate without further reorganization**

  The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

  The Plan Proponent has provided projected financial information as Exhibit B.

  The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ 60,000.00.

  The final Plan payment is expected to be paid on May 1 ,2029

  **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

**Article 1: Summary**

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:     1    classes of priority claims;

                           11   classes of secured claims;

                            1   classes of non-priority unsecured claims; and

                            1   classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued approximately 5    cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**Article 2: Classification of Claims and Interests**

| Debtor | Mirnes Muminovic | Case number (*if known*) | 1:23-bk-10858 |
|---|---|---|---|
| | Mirsada Muminovic | | |
| | Name | | |

2.01 **Class 1**    All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2

2.02 **Class 2 A** claim of American bank to the extent allowed as a secured claim.
**Class 2 B** claims of First Financial Bank to the extent allowed as a secured claim.
**Class 2 C** claim of Independence Bank to the extent allowed as a secured claim.
**Class 2 D** claim of Harley Davidson to the extent allowed as a secured claim.
**Class 2 E** claim of TD Bank to the extent allowed as a secured claim.
**Class 2 F** claim of Edmonton state bank to the extent allowed as a secured claim.
**Class 2 G** claim of Edmonton state Bank to the extent allowed as a secured claim.
**Class 2 H** claim of Deere and Co. to the extent allowed as a secured claim
**Class 2 I** claim of Synchrony Bank to the extent allowed as a secured claim.
**Class 2J** claim of Synchrony Bank to the extent allowed as a secured claim.
**Class 2k** claim of Americreit Financial to the extent allowed as a secured claim.

2.03 **Class 3**    All non-priority unsecured claims allowed under § 502 of the Code.

2.04 **Class 4**    The interests of the Debtors.

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

3.01 **Unclassified claims**    Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02 **Administrative expense claims**
**Projected Admin fees**
**Mark H. Flener**
**$12 500.00**
**Sub V Trustee**
**$3500.00**

Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 **Priority tax claims**    Each holder of a priority tax claim will be paid with 30 days of the effective date..

3.04 **Statutory fees**    All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05 **Prospective quarterly fees**    All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code

| Debtor | Mirnes Muminovic<br>Mirsada Muminovic | Case number (*if known*) | 1:23-bk-10858 |
|---|---|---|---|
| | Name | | |

4.01    **Claims and Interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | **UNIMPAIRED** | The IRS filed its claim number 7 in the amount of $9751.78 as a result of debtors' 2022 return not being shown as received by the IRS. Debtors have now corrected that and anticipate the IRS will amend its proof of claim to show a 0 balance. In the event a tax is owed, debtors will pay said claim within 30 days. |
| **Class 2 A– Secured claim of**<br>**American Bank & Trust** | **UNIMPAIRED** | This claim will be paid according to its terms. |

American Bank filed Claim no. 3 in the amount of
$292303.66 is secured by Debtors' residence
Located at 166 Cooper Dearing Road
Alvaton KY. Debtor's residence is valued at
$550,000.00. The monthly payment due is the sum of
$2593.03.

**Class 2 B- Secured claim of**
**First Financial Bank**

First Financial Bank filed its Claim numbers
1 and 2, secured by real estate
 not owned by the Debtor but that is owned by
Debtors' corporation Wipe-Out Real Estate, LLC.

|  |  |  |
|---|---|---|
|  | **UNIMPAIRED** | This claim will be paid according to its terms. |

| | |
|---|---|
| Debtor  **Mirnes Muminovic** / **Mirsada Muminovic** | Case number (*if known*)  1:23-bk-10858 |
| Name | |

**Class 2C-Secured claim of Independence Bank**

Independence Bank filed its Claim number 14 secured by a second mortgage on Debtors' residence located at 166 Cooper Dearing Road, Alvaton, Ky in the amount of $207521.35.

**IMPAIRED**

This claim is a ten year**,** **int**erest only note. Debtors will pay Interest only for ten years from the date of the note and pay off any remaining balance at the end of the loan. Interest only payment is estimated at $1,433.00

**Class 2 D-Secured claim of Harley Davidson**

Claim No 19 secured by title lien on Harley Davidson in the amount of $34252.39

**IMPAIRED**

This claim will be satisfied by Debtors surrendering the property.

**Class 2 E-Secured claim of TD BANK**

Claim number 21 in the amount of $ 116542.22 secured by a title lien on a 2023 GMC Yukon .

**IMPAIRED**

This claim will be satisfied by Debtors surrendering the property.

**Class 2 F-Secured claim of Edmonton State Bank**

Claim number 5 in the amount of $158931.47 secured by a mortgage on real estate located at Bowling Green Road Scottsville KY consisting of 5.26 acres.

**IMPAIRED**

This claim will be satisfied by Debtors auctioning off the property or surrendering same to the secured creditor within 90 days of confirmation. Any excess proceeds after cost of sale shall be disbursed first to unpaid administrative expenses and then to unsecured creditors .within 30 days after closing.

| Debtor | Mirnes Muminovic<br>Mirsada Muminovic | Case number (*if known*) 1:23-bk-10858 |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| **Class 2 G-Secured claim of**<br>**Edmonton State Bank**<br><br>Claim Number 6 in the amount of $82067.09<br>secured by a mortgager on real estate located<br>at Lot Mount Lebanon Church Road,   Warren Co KY | **IMPAIRED** | This claim will be satisfied by Debtors sale of the property.  Debtors had filed a motion to sell the property: that sale has fallen through.  Debtors will continue to list the property for sale for 90 days.  If a sale is not achieved, debtors will auction the property with the proceeds to be paid to the lienholder Edmonton state Bank.  Any excess proceeds will be used to pay administrative expenses, priority claims, if any, and the balance of funds to be disbursed to unsecured creditors... |
| **Class 2 H-Secured claim of**<br>**Deere and Co**<br><br>Claim number 18 in the amount of $6395.16<br>secured by a mower/tractor | **IMPAIRED** | This claim will be satisfied by Debtors surrendering the property |
| **Class 2 I- Secured claim of**<br>**Synchrony Bank**<br><br>Secured by a lien on a 2019 ATV<br>In the amount of $4000.00 | **IMPAIRED** | This claim will be satisfied by debtors surrendering  the property. |
| **Class 2 J- Secured claim of**<br> **Synchrony Bank**<br><br>Secured by a lien on a 2022 Polaris North Star ATV<br> at $15000.00 | **IMPAIRED** | This claim will be paid in the amount of $15000.00 with interest at 6% amortized over 60 months with estimated monthly payment of $290.00. |
| **Class 2K-Secured claim of**<br>**Americredit Financial**<br><br>**Claim number 16 in the amount of $82769.09**<br>**Secured by a 2022 Dodge Ram 2500** | **IMPAIRED** | **This claim will be paid based upon the value of $65,000.00 with interest of 6% amortized over 60 months with estimated payment of $1256.63** |

**Class 3 – Non-priority unsecured creditors**

**Shall be paid in quarterly payments on a pro-rata basis from excess income with a minimum payment over the life of the plan of 1000.00 per month for a total of $60,000.00**
         As well as any excess proceeds from the sale of real estate under lien to Edmonton State Bank.

| Official Form 425A | Plan of Reorganization for a Small Business Under Chapter 11 | page 5 |
|---|---|---|

| | |
|---|---|
| Debtor  Mirnes Muminovic / Mirsada Muminovic  *Name* | Case number (*if known*) 1:23-bk-10858 |

**Class 4- Debtor's equity interests**.

Debtors shall retain their interest in real and personal property.

### Article 5: Allowance and Disallowance of Claims

**5.01 Disputed Claim**    A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 Delay of distribution on a disputed claim**    No distribution will be made on account of a disputed claim unless such claim is allowed..

**5.03 Settlement of disputed claims**    The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01 Assumed executory contracts and unexpired leases**

There are no known leases or executory contracts.

### Article 7: Provisions to Implement Plan

7.01 Debtors will pay at least $1000.00 per month from their income and draws from Wipe-Out Logistics for a period of 60 months.

### Article 8: General Provision

| Debtor | Mirnes Muminovic | Case number (*if known*) | 1:23-bk-10858 |
|---|---|---|---|
| | Mirsada Muminovic | | |
| | Name | | |

**8.01  Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
|---|---|---|
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of _____ govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.08 | **Retention of Jurisdiction** | The Bankruptcy Court shall retain jurisdiction over this case. |

### Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:

(i) imposed by this Plan; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

Debtor   Mirnes Muminovic
        Mirsada Muminovic        Case number (*if known*)  1:23-bk-10858
            Name

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

☐

Respectfully submitted,     --------------------------------------------------     /s Muminovic Mirsada Muminovic
                             [Signature of the Plan Proponent]                 Mirnes and Mirsada Muminovic

**X**_____         Mark H. Flener
         [Signature of the Attorney for the Plan Proponent]        [Printed name]