# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MIRNES MUMINOVIC | ) |
| MIRSADA MUMINOVIC | ) |
| | )  CASE NO 23-10858 |
| | ). |
| | ) |
| | ) |
| Debtors | ) |

## ORDER PURSUANT TO 11 U.S.C. §§ 1129(a)
## CONFIRMING THE PLAN OF REORGANIZATION

**WHEREAS,** on November 20, 2023 the Debtors Mirnes and Mirsada Muminovic ("Muminovics") commenced this case by filing a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code and since the Commencement Date, the Muminovics have continued to operate their affairs as a debtor-in-possession;

**WHEREAS**, on March 5, 2024, the Debtors proposed their Plan of Reorganization (collectively with all revisions and amendments, including by reference the First and Second Amended Plan, herein after referred to as the" Plan"), and on May 3, 2024 Debtors filed their First Amended Plan and on May 23, 2024 a confirmation hearing was held and continued to allow Debtors to seek a consensual confirmation of their plan pursuant to 11 U.S.C. Section 1191(a), and on June 13, 2024 the continued confirmation was held whereby it was determined that confirmation could proceed pursuant to 11 U.S.C. Section 1191(a) provided that the Debtors clarified their Plan regarding the number of secured creditors in Class 2, and

**WHEREAS**, on June 17, 2024 the Debtors clarified their Plan to insure that the

1

creditors and parties in interest were aware that the Class 2 creditors were treated as one secured class and not each secured creditor as a separate class by filing a Notice of Non-Material Modification, and simultaneously therewith filed a Motion pursuant to Rule 3019 for modification of a Chapter 11 Plan and the Court having advised that the proposed modification as set forth in the Notice does not adversely change the treatment of any creditors;

**WHEREAS**, in accordance with the discussions with the Court and the parties at the Confirmation Hearing held on June 17, 2024 it was determined that the modification would not require an additional Confirmation hearing as long as it did not have a material impact on creditors;

**NOW THEREFORE**, based upon the Court's review of the Amended Plan, as modified, and upon (a) the evidence proffered or adduced at the Confirmation Hearings and (b) the entire record of this chapter 11 case; and after due deliberation thereon; and good cause appearing therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

**FINDINGS OF FACT AND CONCLUSION OF LAW**

A.  <u>Exclusive Jurisdiction; Venue; Core Proceeding.</u>  The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 USC Section 148 and 1409.  Confirmation of the Amended Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.     <u>Eligibility for Relief.</u>  The Debtors are eligible for relief under Bankruptcy Code Section 109.

C.     <u>Judicial Notice.</u>  This Court takes judicial notice of the docket of this case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered or adduced at, the hearings held before the Court during the pendency of the chapter 11 case.

D.     <u>Burden of Proof</u>.  The Debtors have met their burden of proving the elements of 11 U.SC. Section 1191(a) of the Bankruptcy Code by a preponderance of the evidence.

E.     <u>Adequacy of Solicitation Procedures</u>.  Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code and all other rules, laws and regulations.

F.     <u>Impaired Classes that have voted to Accept the Amended Plan.</u>  All impaired classes have voted to accept the Amended Plan.

G.     <u>Plan and Proponent Compliance with Bankruptcy Code.</u>  The Amended Plan complies with the applicable provisions of the Bankruptcy Code and the Debtors have complied with the applicable provisions of the Bankruptcy Code in propounding the Amended Plan, thereby satisfying Sections 1191(a) of the Bankruptcy Code.

H.     <u>No Discrimination.</u>  The Amended Plan provides for the same treatment

for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

I. <u>Nonmaterial Modification</u>.  The Court also finds that the Amended Plan, as modified, contains nonmaterial modifications.  Additional mailing and notice of the Amended Plan is not required as the Amended Plan, as modified does not contain any material modification to the Amended Plan.

J. <u>Plan Proposed in Good Faith</u>. The Debtors proposed the Amended Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a) (3) of the Bankruptcy Code.  In determining that the Plan and Amended Plan have been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plans.  Furthermore, the Amended Plan represents extensive arms'-length negotiations between the Debtors and Debtors' creditors.

K. <u>Plan Proponent</u>.  The Debtors, as individuals, are the Plan proponents.

L. <u>Payments</u>   Any payment made or to be made for services or costs and expenses in connection to the case or in connection to the Amended Plan has or will be subject to approval of the Court as reasonable.

M. <u>Best interests of Creditors</u>.  The Amended Plan satisfies Section 1129(a) (7) of the Bankruptcy Code.  The liquidation analyses attached to the Plans

4

and other evidence proffered or adduced at the Confirmation Hearing (a) are persuasive and creditable, (b) have not been controverted by other evidence and (c) establish that each holder of an Impaired Claim or Interest either has accepted the Amended Plan or will receive or retain under the Amended Plan, on account of such Claim or interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors liquidated under Chapter 7 of the Bankruptcy code on such date.

N. <u>Treatment of Administrative, Priority and Tax Claims</u>. The treatment of Administrative Claims –Counsel for Debtors and the Subchapter V trustee shall receive payments from the Debtors in accordance with the terms of the Amended Plan and payment of Priority Claims meets the requirements of Section 1129(a)(9)(A), (B) (C) and (D) of the Bankruptcy Code.

O. <u>Acceptance by Impaired Class</u>. Each Impaired Class has accepted the Amended Plan. All classes of creditors that contain at least one creditor have voted to accept the Amended Plan and, to the Debtors' knowledge, do not contain insiders whose votes have been counted. Therefore, the requirement of Section 1129(a)(10) of the Bankruptcy Code that at least one Class of Claims against or Interests in the Debtor that is impaired under the Plan has accepted the Amended Plan, determined without including any acceptance of the Amended Plan by any insider, has been satisfied.

P. <u>Feasibility</u>. The Plan, as well as other evidence proffered or adduced at the Confirmation Hearing, with respect to feasibility of the Amended Plan (a) is

5

persuasive and credible and (b) establishes that confirmation of the Amended Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors thus satisfying the requirements of Section 1129(a) (11) of the Bankruptcy Code.

Q. <u>Payment of fees</u>.  Since this is a case pursuant to subchapter V of chapter 11, no fees are owed the United States Trustee.

R. <u>Principal Purpose (11 U.S.C. Section 1129(d))</u>. The principal purpose of the Amended Plan is neither the avoidance of taxes not the avoidance of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  The Amended Plan, therefore, satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

S. <u>Good Faith Solicitation.</u>  Based on the record before the court, the Debtors and other representatives have acted in good faith within the meaning of Section 115 of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances of the Amended Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code,

T. <u>Retirement benefits</u>.  The Debtors do not provide retirement benefits as contemplated by 11 U.S.C. Section 1129(a).

U. <u>Objections</u>.  No objections to the Amended Plan were pending when it

was confirmed.

V.      <u>Transfers</u>.  All transfers of property required by the Amended Plan are proposed to be made in accordance with non-bankruptcy law.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT THE PLAN SHALL AND HEREBY IS CONFIRMED AS A CONSENSUAL PLAN PURSUANT TO 11 U.S.C. SECTION 1191(a).**

Tendered by:

/s/ Mark H. Flener
Attorney for Debtor
2501 Crossings Blvd., Suite 148
P.O. Box 8
Bowling Green, KY 42102-0008
Phone: (270)783-8400
Fax: (270)783-8872
Email: mark@flenerlaw.com